UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                    :
ESPEY & ASSOCIATES, INC.,                           :
                                                    :        CASE NO. 1:08-CV-2117
                 Plaintiff,                         :
                                                    :
vs.                                                 :        OPINION & ORDER
                                                    :        [Resolving Doc. No. 7]
PRINCIPAL MANUFACTURING                             :
CORPORATION,                                        :
                                                    :
                 Defendant.                         :
                                                    :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

        Defendant Principal Manufacturing Corporation ("Principal") moves this Court to dismiss,

transfer, or stay Plaintiff Espey & Associates, Inc.'s ("Espey") suit because Principal had already filed

an action based on the same dispute in the Southern District of Ohio. [Doc. 8-1.]  In resolving this

motion, this Court must decide if the so-called first-to-file rule applies, and if so, whether this Court

or the court of the first-filed suit should decide which suit should go forward.  Because this Court

concludes that the court of the first-filed suit should determine which suit should go forward, this

Court will **STAY** the proceedings pending the resolution of Plaintiff Espey's motion to dismiss or

transfer in the Southern District. [Doc. 8-5 Ex. 4.]

## I.  Background

        Prior to the filing of this lawsuit, Espey acted as a sales agent to Principal. [Doc. 1-1 at 2.]

Around October 2006, Principal began failing to make payments in the time required under the sales

Case No. 1:08-cv-2117
Gwin, J.

agency agreement. [Doc. 1-1 at 4.]

Because of the alleged failure to make payments, on May 19, 2008, Espey sent Principal a notification of a termination of the sales agency agreement. [Doc. 1-1 at 2.] Espey says that the sales agreement required 60 days notice for termination, and therefore, in its notice of termination, stated that it would provide sales agent services to Principal until 60 days after the notice, or July 19, 2008. [Doc. 1-1 at 4.] Espey also claimed that it was entitled to commissions until this July 19, 2008 date. [Doc. 1-1 at 4.]

Several days after receiving this notice of termination, on May 30, 2008, Principal notified Espey that Espey's services should terminate the following day on May 31, and said that Espey would not be entitled to any commissions after the May 31, 2008 termination. [Doc. 11-3, Ex. B at 4.] The parties, at this time disputed at least whether the sales agency agreement required Principal to pay commissions to Espey between Principal's June 1 termination date and Espey's July 19, 2008 termination date. [Doc. 11-3, Ex. B at 4.]

On June 10, 2008, Principal sued Espey in the Southern District of Ohio asking that court to declare that the sales agent agreement did not require Principal to pay Espey sales commissions on the disputed period. [Doc. 11-3, Ex. B at 1.] Responding, on September 3, 2008, Espey moved the court to dismiss for lack of subject matter jurisdiction saying Principal could not maintain the suit under diversity jurisdiction because sales commissions for the disputed period did not meet the jurisdictionally required $75,000. [Doc. 11-2, Ex. A at 1.]

On September 3, 2008, nearly three months after Principal filed its action in the Southern District of Ohio, Espey sued Principal in this Court. Before this Court, Espey complained that Principal breached the sales agency agreement. [Doc. 1-1 at 1.] Espey sought (1) commissions from

Case No. 1:08-cv-2117
Gwin, J.

disputed period and as far back as October 2006, (2) treble damages on those commissions, (3) an

accounting for the period over which Espey claimed unpaid commissions, and (4) restitution for

Principal's unjust enrichment. [Doc. 1-1.]

Then in the Southern District, on October 17, 2008, before the court ruled on Espey's motion

to dismiss for lack of jurisdiction, Principal filed an amended complaint asking the court additionally

to declare that Espey was not entitled to any commissions before the disputed period on sales

"without any involvement by Espey," and that the Ohio Commission Protection Act, O.R.C. §

1335.11, (which in some cases involves treble damages) did not apply to the parties' sales agency

relationship. [Doc. 11-4, Ex. C at 3.] In this amended complaint, Principal said that the damages over

the disputed period amounted to around $65,000 without the trebling. [Doc. 11-4, Ex. C at 4.]

On November 11, 2008, Espey filed a motion in the Southern District to dismiss Principal's

complaint, or, in the alternative to transfer the venue to this Court. [Doc. 8-5, Ex. 4.]  On November

24, 2008, before this Court, Principal moved to dismiss Espey's case, or, in the alternative to transfer

or stay the case pending Espey's motion to dismiss or transfer that is currently pending in the

Southern District. [Doc. 8-1.]

## II. Analysis

As noted above, Principal filed its action in the Southern District on June 10, 2008.  Espey

filed the action before this Court on September 3, 2008.  Principal asks this Court to allow the

Southern District, as the first-filed-suit court, to decide which action should proceed.  This Court will

first discuss which court should make the first-to-file determination.  Because the Court will hold that

the Southern District should make this determination, this Court will then discuss whether a stay is

appropriate here.

Case No. 1:08-cv-2117
Gwin, J.

*II.A.    Which Court Should Make the First-to-File Determination*

The first-to-file rule is a "well-established doctrine that encourages comity among federal courts of equal rank." *Certified Restoration Dry cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (citations omitted).  The rule expresses a general preference that "when actions involving nearly identical parties and issues have been filed in two different district courts, the court in which the first suit was filed should generally proceed to judgment." *Id.* (citations omitted). Before applying the first-to-file rule, a court must find that the actions two actions involve "nearly identical parties and issues." *Id.*

The rule is not inexorable, and "much more often than not" may be broken when the first-filed suit is for declaratory judgment and the later-filed suit is a "coercive action." *Id.*  A district court, in its discretion, may dispense with the first-to-file rule, weighing "extraordinary circumstances, inequitable conduct, bad faith, anticipatory suits, and forum shopping." *Id.* 551-552 (emphasis removed) (citations omitted).

Like the case pending before this Court, the *Certified Restoration* case involved a first-filed action for declaratory judgment and a second-filed coercive action.  511 F.3d at 539-540.  There, the second-filed-suit court denied the plaintiff's motion for a temporary injunction, relying in part on comity considerations because the first-filed action was still pending.  *Id.*  In reviewing the second-filed-suit court's decision to deny the temporary injunction on abuse-of-discretion review, the Sixth Circuit held that "the [second-filed-suit] court's consideration of the [first-filed] action was an abuse of discretion." *Id.* at 551.

The court held that first-filed action was entitled to no deference under the first-to-file rule because the first-filing plaintiffs "were attempting to forum shop as well as preempt resolution of the

Case No. 1:08-cv-2117
Gwin, J.

parties' dispute by the proper forum." *Id.* at 552.  The court, therefore, held that the second-filed-suit

court committed a "clear error" in denying the motion for a temporary injunction based on the first-

to-file rule.

While holding the second-filed-suit court erred in dismissing an action based on comity

considerations when the first-filed action was anticipatory, the court did not determine which court

should decide whether the first-to-file rule was applicable or whether some exception justified

dispensing with the rule.  *See id.*  On appeal, the Sixth Circuit held that the first-filed action was not

entitled to deference and that therefore the second-filed-suit court erred in considering comity.

Although the current dispute before this Court is similar to the dispute in *Certified Restoration*, that

decision does not necessarily control our disposition of Principal's motion.  This is because the

*Certified Restoration* court did not hold that the second-filed-suit court was required to determine

the applicability of the first-to-file rule.

This Court finds the precedent in *Diamler-Chrysler Corp v. General Motors Corp.*, 133 F.

Supp. 2d 1041 (N.D. Ohio 2001), more on point to the question of which court should determine the

applicability of the first-to-file rule.  In *Diamler-Chrysler*, the court held that:

> [T]he most appropriate approach is for the court where a complaint is first filed to
> determine which case should go forward.  This approach is supported by a body of
> case law that directs the court which first obtained jurisdiction to determine whether
> it should retain the case or let it proceed in the court of second filing.

*Id.* at 1042.

The *Diamler-Chrysler* court identified several reasons why the first-filed-suit court should

determine the applicability of the first-to-file rule:  (1) the rule "establishes a bright line" that is "easy

to apply [and] understand"; (2) the rule avoids "derivative forum shopping" (a party submitting briefs

Case No. 1:08-cv-2117
Gwin, J.

on the first-to-file rule in the court most favorable to the party's desired outcome on the first-to-file rule); and (3) the rule furthers judicial comity.  *Id.* at 1044.

The decision in *Certified Restoration* is instructive on the actual application of the first-to-file rule, but does not control this Court's decision whether to engage in that analysis in the first instance. *Certified Restoration* does, however, suggest that a second-filed-suit court should not dismiss an action based on comity principles if action in the second-filed-suit court would present an exception to the first-to-file rule.  If this Court delays this action until the Southern District court resolves the first-to-file issue, it will avoid the result that the *Certified Restoration* court reversed while still furthering the policy considerations identified in *Diamler-Chrysler*.  Accordingly, below we will analyze whether a stay is appropriate in this proceeding.

If this Court is a second-filed-suit court, and a party raises the issue of the first-to-file rule, the Court will first make a preliminary determination whether the two suits involve "nearly identical parties and issues."  *Certified Restoration*, 511 F.3d at 551.  If this condition is met, this Court will then defer to the judgment of the first-filed-suit court on whether to apply the rule or whether some exception justifies dispensing with the rule.  *See Diamler-Chrysler*, 133 F. Supp. 2d at 1042.

Because of the Sixth Circuit's holding in *Certified Restoration*, however, this Court will generally stay, rather than dismiss, an action until the first-filed-suit court's resolution of the first-to-file rule.  By staying the action, this Court will avoid dismissing an action when the first-to-file rule should have been dispensed with because of an exception to the rule, which was the result that required reversal in *Certified Restoration*. A stay will also further the policy considerations identified in *Diamler-Chrysler*.

Accordingly, this Court will now determine whether the two suits involve nearly identical

-6-

Case No. 1:08-cv-2117
Gwin, J.

parties and issues and then decide whether a stay is appropriate.

II.B.    *Nearly Identical Parties and Issues*

The parties and issues in both actions are nearly identical. The parties are identical. The issues are nearly the same. In the Southern District, Principal seeks a declaration that it does not owe commissions based on the dispute period and that it does not owe certain commissions before that period where Espey was not involved in the actual sale. [Doc. 11-4, Ex. C.] Here, Espey seeks commissions from the disputed period and seeks unpaid commissions from before the disputed period. [Doc. 1-1.]

This Court holds that the parties and issues are sufficiently similar that a determination must be made whether the first-to-file rule applies, or whether some exception justifies dispensing with the rule. Because the Southern District is the first-filed court, if a stay is justified here,[1] the Southern District should decide the first-to-file issue.

II.C.    *Staying this Proceeding*

A district court has the "inherent" power to stay a proceeding in its discretion. *See Landis v. North American Co., 299 U.S. 248, 254-255 (1936)* ([T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). But because "a party has a right to a determination of its rights and liabilities without undue delay," "a court must tread carefully in granting a stay of proceedings." *Ohio Environmental Council v. United States Dist. Court, Southern Dist. of Ohio, Eastern Div., 565 F.2d 393, 396 (6th Cir. 1977)*. The party seeking a stay has the

_____

[1] Before saying conclusively that the Souther District court should determine the first-to-file rule issue, this Court must first determine whether a stay is appropriate. If a stay is not appropriate, this Court may be required to decide the first-to-file rule issue.

Case No. 1:08-cv-2117
Gwin, J.

burden of showing "that there is a pressing need for delay." *Id.*  When the district court finds that a case presents a "fair possibility that the stay . . . will work damage to some one else," the  party seeking the stay "must make out a clear case of hardship or inequity in being required to go forward." *Landis*, 299 U.S. at 254.  The district court "must weigh [these] competing interests and maintain and even balance." *Id.* at 255.

The three factors identified in *Diamler-Chrysler* weigh in favor of granting Principal's motion for a stay pending the Souther District court's resolution of the first-to-file rule.  Weighing against this rule is the hardship imposed upon Espey to resolve this issue in a forum it did not choose and the potential for delay.  A stay pending the resolution of this preliminary issue does not typically work prejudice sufficient to override the *Diamler-Chrysler* interests.

The only identifiable prejudice suffered by Espey before the Souther District court is the expense of litigating this preliminary issue in a forum that it did not choose.  Espey cannot claim any prejudice by delay because there is no guarantee that this Court would decide the issue before the Southern District court.  Additionally, in the typical situation, because the first-filed suit was the first to be filed, the first-filed-suit court would presumably reach the issue before the second-filed-suit court.

This Court holds that there are compelling reasons to stay this litigation and that Espey will not suffer undue prejudice because of the stay.

### III.  Conclusion

This Court **STAYS** this action pending the resolution of the first-to-file issue in the Southern District court.  The parties are instructed to move this Court to lift the stay when the issue has been

Case No. 1:08-cv-2117
Gwin, J.

decided by the Southern District court.

      IT IS SO ORDERED.


Dated: January 15, 2009              s/       *James S. Gwin*
                                               JAMES S. GWIN
                                             UNITED   STATES   DISTRICT   JUDGE