UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
ESPEY & ASSOCIATES, INC.,            :
:          CASE NO. 1:08-CV-2117
    Plaintiff,                       :
:
vs.                                  :          OPINION & ORDER
:          [Resolving Doc. No. 7]
PRINCIPAL MANUFACTURING              :
CORPORATION,                         :
:
    Defendant.                       :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Pending before this Court is Defendant Principal Manufacturing Corporation ("Principal") motion to dismiss, transfer, or stay Plaintiff Espey & Associates, Inc.'s ("Espey") suit. [Doc. 8-1.] Principal focused its briefly almost entirely on the first-to-file rule and, accepting Principal's arguments, this Court stayed the action pending the resolution of the first-to-file rule in a first-filed suit in the Southern District of Ohio. [Doc. 15.]

The Southern District subsequently dismissed the first-filed suit and Plaintiff Espey then moved this Court to lift the stay attaching the Southern District's decision. [Doc. 17-1]; *Principal Mfg. Corp v. Espey & Associates, Inc.*, No. 1:08cv393, 2009 WL 483801 (S.D. Ohio Feb. 25, 2009) (dismissing action based on Declaratory Judgment Act discretion). This Court then lifted the stay. [Doc. 18.] In the previously stayed motion, Defendant Principal additionally asked this Court to dismiss Plaintiff Espey's action or to transfer the venue to the Southern District of Ohio. [Doc. 8-1.]

Case No. 1:08-cv-2117
Gwin, J.

Defendant Principal's briefings on dismissal or venue transfer focus on the first-to-file rule. In its motion, Defendant Principal says that this Court should, "based on the first to file rule and principles of judicial comity, . . . dismiss this case, or in the alternative, transfer the matter to the Souther District of Ohio." [Doc. 8-1 at 2.] Because the Southern District of Ohio court has dismissed the first-filed suit based on its discretion under the Declaratory Judgment Act, the first-to-file argument is moot.

To the extent that Defendant Principal's motion makes an argument that transfer is proper under 28 U.S.C. § 1404(a), which it does not appear to do, Principal has not satisfied its burden of showing that the Southern District of Ohio is a more convenient forum. Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The district court has "broad discretion to grant or deny a motion to transfer [a] case." *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994) (internal quotations and citations omitted).

When ruling on a motion to transfer pursuant to 28 U.S.C. § 1404(a), the Court considers "the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Bus. Card Express, Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991) (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30 (1988)). But, "if venue is proper, a plaintiff's choice of forum is given substantial weight," unless convenience and the interests of justice "strongly favor transfer." 14D CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3801.

As Plaintiff Espey points out in its opposition brief, "Espey resides in the Northern District,

Case No. 1:08-cv-2117
Gwin, J.

has its corporate records in the Northern District, and selected that district to bring this action. Moreover, although Principal does not reside in the Northern District, Principal likewise resides outside of the Southern District." [Doc. 12-1 at 17.] Defendant Principal, as the party moving for transfer, has not satisfied its burden in showing that the Southern District is a more convenient forum.

Accordingly, Defendant Principal's motion is **DENIED AS MOOT**. To the extent that the motion is not moot, for the reasons stated above, the motion is **DENIED**.

IT IS SO ORDERED.

Dated: March 18, 2009        s/    *James S. Gwin*
                             JAMES S. GWIN
                             UNITED STATES DISTRICT JUDGE